# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARTINO WIDJAJA,

      Plaintiff,

v.                                                                                             No. 2:25-cv-00853-KRS

WATCH TOWER BIBLE & TRACT SOCIETY,
CHARLIE BLAUVELT,
WELLS FARGO BANK and
U.S. VETERANS ADMINISTRATION,

      Defendants.

## ORDER REGARDING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 2, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 2, 2025 ("Application").

**Order Regarding Application to Proceed *In Forma Pauperis***

Plaintiff filed an Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) which provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Although Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings, it appears that Plaintiff is able to pay the costs and still be able to provide himself with the necessities of life. Plaintiff states: (i) his average monthly income amount during the past 12 months is $6,600; (ii) his monthly expenses total $4,945.00;[1] and (iii) he has $25,000.00 in bank accounts. *See* Application at 1-2, 5. According to Plaintiff's Application, his monthly income exceeds his monthly expenses by $1,655.00.

The Court orders Plaintiff to either file a notice clarifying the information in his Application or pay the $405.00 in filing and administrative fees. Failure to show that Plaintiff is unable to pay the fees and costs of this proceeding or failure to pay the $405.00 fee may result in dismissal of this case.

**Order to Show Cause**

Plaintiff asserts two claims: (i) for fraud based on an unauthorized account being opened using Plaintiff's credentials; and (ii) a request to reconsider a previous case that Plaintiff had filed.

---

[1] Plaintiff wrote that his "Total monthly expenses" are $1,070.00 but the sum of his individual monthly expenses is $4,945.00. Application at 4-5.

2

Fraud Claim

Plaintiff appears to assert a fraud claim against: (i) Watch Tower Bible & Tract Society; (ii) Charlie Blauvelt, an Edward Jones Investments advisor; and (iii) Wells Fargo Bank. *See* Complaint at 1-2, 4-5 (stating "Nature of the case: Criminal identity theft and financial fraud"). Plaintiff alleges:

> My identity was stolen by some of this organization [Watch Tower Bible & Tract Society] to open 2 acco. with said credentials and purchase an auto and open an investment account. None of which I have received benefit.
>
> I received a phone call from Nancy ([Wells Fargo Bank] official) to inform me of an account opened using my credentials . . . she said I would receive a letter to ascertain my knowledge of said account or lack thereof. I received the letter and followed the instruction given. But, I did not get information about the account . . .
> I have attempted to get this fraudulent account resolved on numerous occasions but Mr. Blauvelt has not returned my calls to establish own[er]ship of this account.
>
> On February 3, 2007, an account was fraudulently opened at Wells Fargo bank using Appellant's credentials . . . which impacted Appellant's ability to secure a car loan . . . Appellant discovered an investment account at Edward Jones opened using his credentials. Despite multiple attempts to contact the advisor, Mr. Charlie Blauvelt, and his assistant, Appellant was denied access and received no follow-up.
>
> In December 2021 and February 2022, further attempts were made to open accounts at Wells Fargo and Capital One, both of which were blocked due to Appellant's LifeLock subscription.

Complaint at 1-5.

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents

3

of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart,* 2005-NMCA-061 ¶ 34.

The Complaint fails to state fails to state a fraud claim because it does not allege that any of the Defendants misrepresented a fact intending to deceive Plaintiff and induce Plaintiff's reliance on the misrepresentation. Other than stating an account was fraudulently opened at Wells Fargo Bank on February 3, 2007, Plaintiff does not set forth the dates of any false representations. Furthermore, it appears that Plaintiff's fraud claims may be barred by the statutes of limitations because he has not alleged any alleged actions by Defendants giving rise to a fraud claim occurred after September 2022. *See* N.M.S.A. § 37-1-4 (claims brought injuries to property, conversion of personal property and for fraud must be brought within four years); N.M.S.A. 37-1-8 ("Actions must be brought … for an injury to the person … within three years"). Plaintiff also states:

18 U.S.C. § 1028 prohibits fraudulent use of identification documents.

18 U.S.C. § 1343 addresses wire fraud involving electronic communications.

Complaint at 6. Sections 1028 and 1343 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief may be granted. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint containing factual allegations supporting the claims in the amended complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

Request to Reconsider Previous Case

Plaintiff previously filed a case in the United States District Court for the District of Colorado and asks this Court to:

> Reconsider case and verdict requested. Due to evidence and actions not made known to court or Plaintiff. Therefore Court was denied evidence and information that was needed to render a just verdict.

Complaint at 4 (referencing *Widjaja v. Nicholson*, No. 08-cv-00204-MSK-MEH ("*Widjaja I*"), and stating the defendant in that case is the United States Veterans Administration). The United States District Court for the District of Colorado dismissed *Widjaja I* on February 9, 2009. Plaintiff did not appeal the dismissal. Plaintiff states his issue with *Widjaja I* is: "Whether the trial court erred in terminating Appellant prior to adjudication of the pending case." Complaint at 6.

It appears the Court should dismiss Plaintiff's request to reconsider the judgment in *Widjaja I* for lack of jurisdiction. Plaintiff has not cited any legal basis showing that this Court may grant Plaintiff appellate relief. *See* Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4"). Nor has Plaintiff not cited any legal

5

basis authorizing this Court to grant Plaintiff relief from a judgment entered by the United States District Court for the District of Colorado. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court [that entered a judgment] may relieve a party . . . from a final judgment").

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's request for reconsideration of the judgment in *Widjaja I*. If Plaintiff asserts the Court should not dismiss Plaintiff's request for reconsideration of the judgment in *Widjaja I*, Plaintiff must file an amended complaint containing factual allegations showing that this Court has jurisdiction over his request for reconsideration.

**Venue**

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000)

6

> (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

There are no allegations showing that Defendants reside, or Defendants' acts and omissions giving rise to Plaintiff's claims occurred, in the District of New Mexico.  Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the nonresident Defendants.  *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for improper venue.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that contains allegations showing the District of New Mexico is the proper venue and that support personal jurisdiction over Defendants.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to clarify his Application to proceed *in forma pauperis* and to show cause and file an amended complaint. The Court will address service after Plaintiff clarifies his Application and after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become

familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiff shall, within 21 days of entry of this Order, either file a notice clarifying the information in his Application or pay the $405.00 in filing and administrative fees. Failure to timely show that Plaintiff is unable to pay the fees and costs of this proceeding or to pay the $405.00 fee may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case for the reasons stated above; and (b) file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 10th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE