IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTINO WIDJAJA,

      Plaintiff,

v.                                                                                                No. 2:25-cv-00853-KRS

WATCH TOWER BIBLE & TRACT SOCIETY,

      Defendant.

## ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SECOND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint for a Civil Case, Doc. 7, filed September 12, 2025 ("Amended Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 2, 2025 ("Application").

**Order Denying Application to Proceed *In Forma Pauperis* as moot**

Plaintiff filed an Application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), which provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

The undersigned notified Plaintiff that although Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings, it appears from the information in his Application that Plaintiff is able to pay the costs. *See* Order to Show Cause at 2, Doc. 5, filed September 10, 2025. The Court ordered Plaintiff to either file a notice clarifying the information in his Application or pay the $405.00 in filing and administrative fees. Plaintiff responded by paying the filing fee.

*See* Doc. 6, filed September 12, 2025. Accordingly, the Court denies Plaintiff's Application to proceed *in forma pauperis* as moot.

**Second Order to Show Cause**

The Court ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim for fraud regarding a financial account, for lack of jurisdiction to reconsider a ruling in a case in the United States District Court for the District of Colorado and for improper venue, and to file an amended complaint. *See* Order to Show Cause at 5-7. Plaintiff responded by filing the Amended Complaint. The Amended Complaint asserts claims based on facts entirely different from the events giving rise to the claims in the original Complaint. The Amended Complaint alleges:

> Associates of these men clandestin[e]ly placed cameras in my residence and made and disseminated unauthorized video of my person. Defamation of my character: These men spread the lie that I am gay. This lie was told at the three Jewish Synagogues in Las Cruces NM. And I suspect that the video has been uploaded on to social media. This belief stems from the fact that I am not able to log into my old facebook account, nor am i get a new account.

Amended Complaint at 3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte" (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

The Amended Complaint states the basis for federal court jurisdiction is "Federal question," but it does not allege any facts from which the Court could plausibly infer that this action "aris[es] under the Constitution, laws, or treaties of the United States." Amended Complaint at 3; 28 U.S.C. § 1331. Thus, Plaintiff has not properly alleged federal-question jurisdiction.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case for lack of jurisdiction, Plaintiff must file a second amended complaint. The second amended complaint "must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed. Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

**IT IS ORDERED** that:

(i)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, **Doc. 2**, filed September 2, 2025, is **DENIED as moot.**

(ii) Plaintiff shall, **within 21 days** of entry of this Order: (a) show cause why the Court should not dismiss this case for lack of federal subject matter jurisdiction; and (b) file a second amended complaint. The second amended complaint must comply with the Federal and Local Rules of Civil Procedure. Failure to timely show cause and file a second amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 26th day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE