IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTINO WIDJAJA,

    Plaintiff,

v.  No. 2:25-cv-00853-WJ-KRS

WATCH TOWER BIBLE & TRACT SOCIETY,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his original complaint alleging that: (i) Defendant Watch Tower Bible & Tract Society stole his identity and opened fraudulent accounts; (ii) Defendant Wells Fargo Bank did not provide Plaintiff with information about the account; and (iii) the United States District Court for the District of Colorado did not "render a just verdict" in Plaintiff's civil action against Defendant United States Veterans administration. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 2, 2025.

United States Magistrate Judge Kevin R. Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim for fraud regarding a financial account, for lack of jurisdiction to reconsider a ruling in a case in the United States District Court for the District of Colorado and for improper venue, and to file an amended complaint. *See* Order to Show Cause at 5-7, Doc. 5, September 10, 2025.

Plaintiff filed an Amended Complaint asserting claims based on facts entirely different from the events giving rise to the claims in the original Complaint alleging:

> Associates of these men clandestin[e]lly placed cameras in my residence and made and disseminated unauthorized video of my person. Defamation of my character: These men spread the lie that I am gay. This lie was told at the three Jewish Synagogues in Las Cruces NM. And I suspect that the video has been uploaded on

> to social media. This belief stems from the fact that I am not able to log into my old facebook account, nor am i get a new account.

Amended Complaint at 3, Doc. 7, filed September 12, 2025.

> United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:
>
> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).
>
> The Amended Complaint states the basis for federal court jurisdiction is "Federal question," but it does not allege any facts from which the Court could plausibly infer that this action "aris[es] under the Constitution, laws, or treaties of the United States." Amended Complaint at 3; 28 U.S.C. § 1331. Thus, Plaintiff has not properly alleged federal-question jurisdiction.

Second Order to Show Cause at 2-3, Doc. 11, filed September 26, 2025. Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file a second amended complaint stating: "The second amended complaint 'must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.'" Second Order to Show Cause at 3 (quoting *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986))).

Plaintiff filed his Second Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Doc. 12, filed October 2, 2025. The only named Defendant is Watch Tower Bible & Tract Society. *See* Second Amended Complaint at 1-2. Plaintiff states the background of his case as follows:

2

> My identity was stolen & credential used to open accounts in my name that I have to date not benefitted from. My character has been defamed, first in Colorado (20025) and again here in Las Cruces NM.

Second Amended Complaint at 2. Plaintiff attached three pages describing the "identity theft and fraud" beginning in 2007 with additional attempts in 2021-2022, and Plaintiff's attempts to resolve the identity theft and fraud, and seven pages of related documentation. *See* Second Amended Complaint at 7-17.

The Second Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Plaintiff states Defendant was not acting under color of state law. *See* Second Amended Complaint at 1-2. There are no allegations showing that Defendant deprived Plaintiff of a federally protected right. Other than the vague allegation under "Supporting Facts" stating "Video (vulgar [sic]) show in Las Cruces, NM and El Paso TX areas, also Holoman [sic] AFB," there are no factual allegations regarding Defendant. Second Amended Complaint at 3, at 1-2 (indicating Defendant is located in Las Cruces, NM). The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim. The Second Amended Complaint does not identify any other statutory or constitutional provision under which Plaintiff's claims arise. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for fraud and defamation and dismisses

this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

    **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**